UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHERITA WATERS, | No. 2:15-cv-0970 KJN (TEMP) |
| Plaintiff, | |
| v. | ORDER |
| CAROLYN W. COLVIN, Commissioner of Social Security, | |
| Defendant. | |

On August 28, 2015, the previously assigned Magistrate Judge granted plaintiff's motion to proceed in forma pauperis and ordered plaintiff to submit to the United States Marshal the documents necessary for service of process. (Dkt. No. 3.) Plaintiff was also ordered to file in this court a declaration stating the date on which the documents were submitted to the United States Marshal within five days after submitting those documents.

Plaintiff, however, did not file a declaration stating the date on which the documents necessary for service were submitted to the United States Marshall, nor has the defendant appeared in this action. Accordingly, on January 21, 2016 the court issued an order directing plaintiff to show cause in writing within fourteen days as to why this action should not be dismissed for lack of prosecution. (Dkt. No. 7.)

On February 9, 2016, plaintiff filed a motion for summary judgment. (Dkt. No. 8.) Plaintiff, however, still has not filed a declaration stating the date on which the documents

1

necessary for service were submitted to the United States Marshall, nor has the defendant appeared in this action.  In this regard, plaintiff's motion for summary judgment is premature and is denied without prejudice.  Plaintiff is, again, advised that Rule 4(m) of the Federal Rules of Civil Procedure provides that a defendant must be dismissed if service of the summons and complaint is not accomplished on the defendant within 90 days after the complaint was filed.

Moreover, plaintiff's motion for summary judgment is signed by Lamont W. Allen, "Representative for Sherita G. Waters, Claimant."  (Dkt. No. 8 at 17.)  The right to represent oneself pro se is personal to the plaintiff and does not extend to other parties.  Simon v. Hartford Life, Inc., 546 F.3d 661, 664 (9th Cir. 2008); see also Russell v. United States, 308 F.2d 78, 79 (9th Cir. 1962) ("A litigant appearing in propria persona has no authority to represent anyone other than himself").  Moreover, a non-attorney "has no authority to appear as an attorney for others than himself."  C.E. Pope Equity Trust v. U.S., 818 F.2d 696, 697 (9th Cir. 1987).  Individuals who are representing themselves in this court may not delegate the litigation of their claims to any other individual.  Local Rule 183(a).

In light of plaintiff's pro se status, plaintiff will be afforded a final opportunity to comply with the orders of this court.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's February 9, 2016 motion for summary judgment (Dkt. No. 8) is denied without prejudice; and

2. Plaintiff shall show cause in writing within fourteen days why this case should not be dismissed for lack of prosecution.[1]  Failure to file a timely response may result in the dismissal of this action.

Dated:  March 9, 2016

/waters0910.osc2.service

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff may also satisfy this order by filing a declaration stating the date on which the documents were submitted to the United States Marshal.

2