UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHERITA WATERS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CAROLYN W. COLVIN, Commissioner of Social Security,<br><br>　　　　　Defendant. | No. 2:15-cv-0970 KJN (TEMP)<br><br>ORDER AND<br>FINDINGS AND RECOMMENDATIONS |

On August 28, 2015, the previously assigned Magistrate Judge granted plaintiff's motion to proceed in forma pauperis and ordered plaintiff to submit to the United States Marshal the documents necessary for service of process within fourteen days. (Dkt. No. 3.) Plaintiff was also ordered to file in this court a declaration stating the date on which the documents were submitted to the United States Marshal within five days after submitting those documents.

Plaintiff, however, did not file a declaration stating the date on which the documents necessary for service were submitted to the United States Marshall nor did a defendant appear in this action. Accordingly, on January 21, 2016 the court issued an order directing plaintiff to show cause in writing within fourteen days as to why this action should not be dismissed for a lack of prosecution. (Dkt. No. 7.)

/////

1

Plaintiff, however, did not comply with that order but instead, on February 9, 2016, filed a motion for summary judgment. (Dkt. No. 8.) In this regard, plaintiff still had not filed a declaration stating the date on which the documents necessary for service were submitted to the United States Marshall nor had a defendant appeared in this action. In light of plaintiff's pro se status, on March 9, 2016, the undersigned again issued an order ordering plaintiff to show cause in writing within fourteen days as to why this action should not be dismissed for a lack of prosecution. That order advised plaintiff that in lieu of filing a written statement of good cause plaintiff could file a declaration stating the date on which the documents necessary for service were submitted to the United States Marshal. The order also advised plaintiff that Rule 4(m) of the Federal Rules of Civil Procedure provides that a defendant must be dismissed if service of the summons and complaint is not accomplished on the defendant within 90 days after the complaint was filed and that the failure to timely respond to the order might result in the dismissal of this action.

The fourteen-day period has passed and plaintiff has not responded to the March 9, 2016 order in any manner. The factors to be weighed in determining whether to dismiss a case for lack of prosecution are as follows: (1) the public interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) the public policy favoring disposition on the merits; and (5) the availability of less drastic sanctions. Hernandez v. City of El Monte, 138 F.3d 393, 398 (9th Cir. 1998); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992); Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988). Dismissal is a harsh penalty that should be imposed only in extreme circumstances. Hernandez, 138 F.3d at 398; Ferdik, 963 F.2d at 1260.

Failure of a party to comply with the any order of the court "may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Local Rule 110. Any individual representing himself or herself without an attorney is nonetheless bound by the Federal Rules of Civil Procedure, the Local Rules, and all applicable law. Local Rule 183(a). A party's failure to comply with applicable rules and law may be grounds for dismissal or any other sanction appropriate under the Local

Rules.  <u>Id.</u>

Here, plaintiff has repeatedly failed to respond to the courts' orders and has apparently failed to provide the United States Marshal with the documents necessary for service of process on the defendant.  Plaintiff's lack of prosecution of this case renders the imposition of monetary sanctions futile.  Moreover, the public interest in expeditious resolution of litigation, the court's need to manage its docket, and the risk of prejudice to the defendant all support the imposition of the sanction of dismissal.  Only the public policy favoring disposition on the merits counsels against dismissal.  However, plaintiff's failure to prosecute the action makes disposition on the merits an impossibility.

Moreover, Rule 4(m) of the Federal Rules of Civil Procedure provides that a defendant must be dismissed if service of the summons and complaint is not accomplished on the defendant within 90 days after the complaint was filed.  Here, over seven months has passed since service of process was ordered and it appears that no defendant has been served.

Accordingly, IT IS HEREBY ORDERED that a district judge be assigned to this action.

Also, IT IS HEREBY RECOMMENDED that plaintiff's complaint be dismissed without prejudice for failure to prosecute and failure to comply with Rule 4(m).

Dated:  April 5, 2016

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

BVD/waters0910.dlop.f&rs

3